<u>NOT FOR PUBLICATION</u>                                    [Docket Nos. 7, 11]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| PAUL STIGLICH,<br><br>    Plaintiff,<br><br>  v.<br><br>CHATTEM, INC. and GARDEN STATE NUTRITIONALS,<br><br>    Defendants. | Civil No. 12-CV-1858 (RMB-KMW)<br><br>**OPINION** |

Michael Lawrence Rosenberg
Christopher A. Seeger
Seeger Weiss LLP
550 Broad Street, Suite 920
Newark, NJ 07102

    Attorneys for Plaintiff

Adam Brian Lavinthal
Michael Dore
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068

    Attorneys for Defendant Chattem, Inc.


**BUMB**, United States District Judge:

    Plaintiff Paul Stiglich ("Plaintiff") has moved to remand this matter to New Jersey Superior Court, Atlantic County [Docket No. 7]. Defendant Chattem, Inc. ("Chattem") has moved to transfer this matter to the United States District Court for

the Western District of Washington [Docket No. 11]. For the reasons that follow, Plaintiff's motion to remand is GRANTED and Defendant's motion is DENIED.

I.  Background[1]

This matter was removed to this Court on March 27, 2012 based on diversity jurisdiction. Plaintiff originally filed this action in the Superior Court of New Jersey, Law Division, for Atlantic County on April 12, 2011. Plaintiff's original Complaint alleged claims against Chattem and Defendant Garden State Nutritionals ("Garden State"). Importantly for the purposes of resolving the pending motions, Garden State is a citizen of New Jersey. These claims were based on Plaintiff's alleged consumption of products labeled "Dexatrim" that: (1) were produced by Chattem and Garden State; (2) contained phenylpropanolamine ("PPA") and ephedra; and (3) Plaintiff alleges caused him injury. On May 9, 2011, Plaintiff filed an Amended Complaint deleting references to PPA and asserting that certain Dexatrim products containing ephedra caused him to be injured.

---

[1] The facts recited herein are drawn from Plaintiff's Complaint and documents submitted in connection with the parties' briefing, including deposition testimony, discovery responses, and other exhibits. This Court may consider these additional submissions because they constitute "reliable evidence" that is permissible to consider in assessing the motion to remand. Bernsten v. Balli Steel, PLC, No. 08-62, 2008 WL 862470, at *3 (E.D. Pa. Mar. 31, 2008) (holding that the court can look beyond the pleadings in assessing a fraudulent joinder motion and can consider other reliable evidence).

2

Defendants subsequently deposed Plaintiff on February 12, 2012.  At Plaintiff's deposition, Plaintiff testified that he had used Dexatrim products for an extended period of time, but that his use of Dexatrim products ended in the summer of 1999.  That deposition testimony is consistent with (i) an intake report from Plaintiff's physician, (ii) Plaintiff's response to interrogatories in which he indicated his use of Dexatrim products ended in 1999, and (iii) the testimony of Plaintiff's wife, who indicated at deposition that she instructed Plaintiff to stop taking Dextatrim in the summer of 1999.  Plaintiff also testified that the specific product he used before ending his use of Dexatrim products was called Dexatrim Natural and that it also had "Green Tea" written on its packaging.  In subsequent submissions, Plaintiff clarified that the specific product he alleges he consumed is "Dexatrim Natural with Green Tea."[2]

However, according to evidence submitted by Chattem, and which Plaintiff does not dispute:

    (1)   Dexatrim Natural with Green Tea contains ephedra and not PPA;

---

[2] [Docket No. 7, Plaintiff's Memorandum of Law in Support of Motion to Remand, p. 6 ("There is no dispute that Garden State designed, manufactured and even provided the labeling for Dexatrim Natural with Green Tea, a product Plaintiff has alleged he ingested and caused his [injuries].")]; [Docket No. 15, Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to Defendant Chattem, Inc.'s Motion to Transfer Venue Subject to Plaintiff's Motion to Remand, p. 3 ("The real question Defendant's Motion to Transfer Venue is asking this Court to decide is whether or not Plaintiff ingested Dexatrim Natural with Green Tea, the ephedra product Plaintiff alleges caused his [injuries].")].

3

    (2)    Chattem only began publicly selling Dexatrim products containing ephedra, including Dexatrim Natural with Green Tea, in November 1999; and

    (3)    Chattem contracted with Garden State to produce these products.

Therefore, according to Chattem, accepting Plaintiff's timeline, it was impossible for Plaintiff to have consumed Dexatrim Natural with Green Tea, as claimed. In fact, it argues, Plaintiff must have instead consumed a PPA based Dexatrim product. And it is undisputed that claims based on PPA products are barred by the terms of a class action settlement in the Western District of Washington.

## II. Analysis

The Court first addresses Plaintiff's motion to remand. It then addresses Defendant's motion to transfer.

### A. Plaintiff's Motion to Remand

Plaintiff argues that this matter must be remanded under the "forum defendant rule." That rule prohibits removal to federal court in diversity actions where a properly joined and served defendant is a citizen of the state in which the action is brought. <u>Poznanovich v. AstraZeneca Pharma. LP</u>, No. 11-4001, 2011 WL 6180026, at *1 (D.N.J. Dec. 12, 2011); 28 U.S.C. § 1441. Here, because Garden State is a citizen of New Jersey, the forum state of this action, this matter would ordinarily not be removable.

Chattem does not dispute this. It argues, however, that Garden State's citizenship may be disregarded because Garden State was fraudulently joined. Under the fraudulent joinder doctrine, a defendant's citizenship may be ignored in considering the propriety of removal, including whether the forum defendant rule is violated, where the defendant was fraudulently joined. Yellen v. Teledne Continental Motors, Inc., 832 F. Supp. 2d 490, 502-03 (E.D. Pa. Dec. 6, 2011); Slaske v. I-Flow Corp., No. 09-3963, 2010 WL 2516574, at *2 (D.N.J. June 11, 2010). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intentions in good faith to prosecute the action against the defendant or seek a joint judgment." Bernsten v. Balli Steel, PLC, No. 08-62, 2008 WL 862470, at *2 (E.D. Pa. Mar. 31, 2008)(quotation and citation omitted).

Chattem argues that Garden State was fraudulently joined because: (1) there is no basis in fact, given Plaintiff's timeline of his Dexatrim consumption, to believe that Garden State manufactured the product he consumed; and (2) the conduct in this litigation evinces a lack of good faith by Plaintiff in the prosecution of this action against Garden State. With respect to the latter, according to Chattem, Plaintiff and Garden State have mutually been uninterested in seeking

5

discovery from one another and Garden State has done little to defend itself in this litigation.

This Court disagrees.  Given Plaintiff's clear testimony as to the packaging of the product he took, which is consistent with his allegation that he took Dexatrim Natural with Green Tea, this Court cannot say that his claims lack a basis in fact, or that Plaintiff lacks good faith in prosecuting this action against Garden State.  Plaintiff's timeline testimony, and the evidence that corroborates it, is certainly damaging to the credibility of his claims, but that is a fact issue for a jury to decide.  And this Court cannot find, on the evidence presented to it, that Plaintiff and Garden State's conduct in this litigation represents anything other than good faith strategic choices as to how best to litigate this case.  With respect to Plaintiff's discovery efforts from Garden State, Plaintiff may believe, for whatever reason, that the key discovery from the Defendants will be from Chattem.  With respect to Garden State's supposed failure to vigorously defend this action and failure to pursue discovery from Plaintiff, the extent to which Garden State's conduct could bear on Plaintiff's intent in this action is unclear.  Chattem does not explain the evidence, or inferences, that would support the conclusion that Garden State's conduct impugns Plaintiff's intent.

Fundamentally, it would make little sense to conclude that Garden State was fraudulently joined for the purpose of blocking removal based on the forum defendant rule. The weakness in Plaintiff's case against Garden State that is the asserted basis for Chattem's fraudulent joinder claim applies equally to Plaintiff's case against Chattem. Based on the facts presented, this Court can only conclude that Plaintiff has problematic claims against both Defendants, not a fraudulent claim against Garden State.

Because Garden State was not fraudulently joined, Chattem's removal of this action violates the forum defendant rule and Plaintiff's motion to remand is GRANTED.

    B.   Chattem's Motion to Transfer

Having concluded that this Court must remand this matter, Chattem's motion to transfer is DENIED as moot.

## III. Conclusion

For all these reasons, Plaintiff's motion to remand is GRANTED and Chattem's motion to transfer is DENIED. This Court ORDERS this matter REMANDED to the Superior Court of New Jersey, Atlantic County.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge

Dated: November 2, 2012